## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JOSEPH WILBUR, JR., | DOCKET NUMBER |
| Appellant, | AT-1221-13-0881-W-2 |
| v. | |
| DEPARTMENT OF LABOR, | DATE: September 2, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Joseph Wilbur, Jr., Daphne, Alabama, pro se.

Charna C. Hollingsworth-Malone, Esquire, and Yasmin Kimberly Yanthis‑
  Bailey, Esquire, Atlanta, Georgia, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal for failure to prosecute. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2    On July 11, 2013, the appellant filed an individual right of action (IRA) appeal asserting that he experienced retaliation for whistleblowing in his former position as an Occupational Safety and Health Administration Inspector in Mobile, Alabama. *Wilbur v. Department of Labor*, MSPB Docket No. AT-1221-13-0881-W-1, Initial Appeal File (W‑1 IAF), Tab 1 at 1, 3. The appeal was dismissed without prejudice on March 17, 2014, at the appellant's request. W−1 IAF, Tab 23. The appellant refiled the appeal on July 7, 2014. MSPB Docket No. AT-1221-13-0881-W-2, Refiled Appeal File (RAF), Tab 1.

¶3    The administrative judge scheduled a status conference for October 28, 2014. RAF, Tab 5. The appellant failed to participate in the conference, and he did not contact the administrative judge to request an alternate date. RAF, Tab 6 at 1-2, Tab 8, Initial Decision (ID) at 2. The agency representatives told the administrative judge that they had served the appellant with written discovery requests, but their calls and emails about the discovery had gone unanswered. RAF, Tab 6 at 2. On October 29, 2014, the administrative judge ordered the appellant to provide within 7 calendar days a written explanation for his lack of participation in the status conference. *Id.* The order specifically stated that the administrative judge could impose sanctions if the appellant failed to show good cause for his nonparticipation in the conference. *Id.*; *see* 5 C.F.R. § 1201.43. The order also provided the appellant with the requisite notice of the Board's jurisdictional standard for IRA appeals. RAF, Tab 6 at 2-6.

¶4    After the appellant did not respond, the administrative judge issued a Second Order to Show Cause. RAF, Tab 7. The November 26, 2014 order summarized the appellant's failure to participate in the status conference, his subsequent failure to give good cause for nonparticipation, and his failure to submit a jurisdictional response. *Id.* The order explicitly stated that the appellant appeared to have "opted to abandon the appeal" and gave him 10 calendar days in which to provide the responses required by the October 29, 2014 order. *Id.* If he

failed to provide these responses, the administrative judge explained, "his appeal [would] be dismissed with prejudice under 5 C.F.R. § 1201.43(b) based on his failure to prosecute it." RAF, Tab 7. The appellant's response was due December 6, 2014. *Id.* He did not respond. On December 11, 2014, the administrative judge issued an initial decision dismissing the appeal for failure to prosecute. ID at 4. The initial decision became final on January 15, 2015. *Id.*

¶5　　　The appellant attempted to again refile his appeal with the regional office on March 17, 2016, which the administrative judge forwarded to the Board as a petition for review of the December 2014 decision.[2] Petition for Review (PFR) File, Tab 1, Tab 2 at 1.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6　　　The petition for review is filed late by more than 1 year and 3 months. The Board's regulations require a petition for review to be filed within 35 days after the initial decision is issued; or, if a party shows that he received the initial decision more than 5 days after issuance, within 30 days after receiving it. 5 C.F.R. § 1201.114(e). The Board will excuse the untimely filing of a petition for review only upon a showing of good cause for the delay. 5 C.F.R. § 1201.114(g). An untimely filed petition for review must be accompanied by a motion that shows good cause for the delay in filing and an affidavit or sworn statement that includes a specific and detailed description of the circumstances causing the delay. *Id.*

¶7　　　Here, the Clerk of the Board acknowledged receiving the petition for review and informed the appellant that: (1) the petition was untimely filed; (2) the Board's regulations require that a petition that appears to be untimely filed be accompanied by a motion to accept the filing as timely and/or to waive the time

---

[2] The appellant's attempt to refile was initially docketed as *Wilbur v. Department of Labor*, MSPB Docket No. AT-1221-13-0881-W-3, before it was recognized as a Petition for Review of the earlier decision.

limit for good cause; (3) such a motion must be supported by an affidavit or declaration made under penalty of perjury showing either that the petition was timely filed or that there is good cause for the late filing; and (4) the Board may dismiss the petition for review as untimely if the appellant did not provide a motion with an affidavit or declaration. PFR File, Tab 2 at 2.

¶8        The appellant filed a motion for the Board to waive the filing deadline for good cause shown. PFR File, Tab 3. He asserts that he was unable to respond to the initial decision in a timely fashion because a backlog of mail awaited him when he returned from the military deployment he served from between February 3, 2015, and September 23, 2015. *Id.* at 4, 11-12. He asserts that the time for filing his appeal was extended under the Servicemembers Civil Relief Act (SCRA), 50 U.S.C. § 3936(a). PFR File, Tab 3 at 4. He also asserts that, although he did not report for active duty until February 3, 2015, he first learned of his upcoming deployment on November 12, 2014, and that the Board should consider the period between November 12, 2014, and February 3, 2015, as part of his military obligation for tolling purposes. *Id.* at 5. He further asserts that he was unaware that the November 26, 2014 Second Order to Show Cause and the December 11, 2014 Initial Decision had been issued. *Id.* He explains that he had requested dismissal of the initial appeal in this case because he was awaiting results of an investigation related to his departure from the agency,[3] implying that he did not know that he had an active appeal in the regional office. *Id.* at 5-6. His motion also includes arguments addressing the merits of the appeal. *Id.* at 6−9.

¶9        The motion, however, does not include the required affidavit or sworn statement. PFR File, Tab 3; 5 C.F.R. § 1201.114(g). Additionally, the merits of the appeal are not before the Board. Here, the Board need only consider whether

---

[3] The appellant resigned from the agency, but had filed a whistleblower complaint with the Office of Special Counsel and an equal employment opportunity complaint with the agency's Civil Rights Center. RAF, Tab 1 at 7, Tab 4 at 4-22.

the appellant established good cause for the delay in filing his petition for review. To establish good cause for waiving the Board's filing deadline, an appellant must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). The Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶10 The appellant is pro se, but the delay was a lengthy one. The appellant cannot rely on the tolling provisions of the SCRA, as the initial decision was issued 54 days before the appellant reported for military duty. The appellant has identified no authority supporting his assertion that the tolling period would have commenced on November 12, 2014, when he received notice that he would be called to active duty. We were likewise unable to find any such authority. Even if the appellant could claim relief under the SCRA, his petition for review would have been due on October 23, 2015, as his deployment ended on September 23, 2015. RAF, Tab 3 at 1-12; *see* 50 U.S.C. § 3936(a); *Neighoff v. Department of Homeland Security*, 122 M.S.P.R. 86, ¶¶ 6-10 (2015). He did not file the petition for review until March 17, 2016. PFR File, Tab 1 at 1.

¶11 We likewise do not find convincing the appellant's claim that he was unaware he had an active case in the regional office because he had requested dismissal of his initial IRA appeal while he awaited the results of an agency investigation. He personally refiled the IRA appeal on July 7, 2014. RAF, Tab 1 at 1. The appellant thus failed to establish the existence of circumstances beyond his control affecting his ability to comply with the time limits or of unavoidable

casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition for review. We dismiss the petition for review as untimely filed.

¶12    Even if the petition had been timely filed, we would not find that the administrative judge abused his discretion by dismissing the appeal for failure to prosecute. *Holland v. Department of Labor*, 108 M.S.P.R. 599, ¶ 9 (2008) (holding that the Board will not reverse an administrative judge's determination regarding sanctions absent a showing of abuse of discretion). Although sanctions should be imposed only when a party has failed to exercise basic due diligence in complying with Board orders or has exhibited negligence or bad faith in its efforts to comply, *Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 6 (2000), the Board has found that an appellant's repeated failure to respond to multiple Board orders reflects a failure to exercise basic due diligence, *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 6 (2007). The appellant missed a status conference and failed to respond to two jurisdictional orders. Even when served with an order explicitly advising him of the possibility of dismissal, he did not provide any explanation or justification for his failure to act. The record contains no evidence that the appellant was confused by Board proceedings or that he wanted to continue to pursue his appeal below. As stated above, the appellant's refiling of his appeal on July 7, 2014, suggests that he knew that he had an active appeal in the regional office. Dismissal of the appeal for failure to prosecute, though extreme, serves the ends of justice. *See Heckman*, 106 M.S.P.R. 210, ¶ 6.

¶13    This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision dismissing the IRA appeal for failure to prosecute remains the final decision of the Board.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS[4]

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27,

---

[4] In the initial decision, the administrative judge provided the appellant with mixed-case appeal rights. Based on the disposition of this case, such review rights are not appropriate. *Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 22 (2015). The proper appeal rights are provided here.

2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode/htm.  Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.  Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for your appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.